## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

TRAY HARGROW,                                    )
                                                 )
                        Petitioner,              )
                                                 )
          v.                                     )
                                                 )        Civil Case No.  25-cv-1091
                                                 )
ANDREA TACK, *Dixon Correctional*                )
*Center Warden*,                                 )
                                                 )
                        Respondent.              )

## ORDER & OPINION

Presently before the Court is Petitioner Tray Hargrow's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, (D. 1, "§ 2254 Petition"), and Respondent John Barwick's ("Respondent") Motion to Dismiss Petitioner's § 2254 Petition without prejudice for failure to exhaust state-court remedies, (D. 7). For the reasons stated below, Respondent's Motion is GRANTED.

## I.       BACKGROUND

### A.  State Court Proceedings:

In 2015 Petitioner was charged with three counts of first degree murder of Rogelio De La Rosa in the Tenth Judicial Circuit Court, Peoria County, Illinois, (the "trial court"), Case No. 15-CF-428-1. (D. 7-3). The case proceeded to trial on January 24, 2017. *Id.* On January 26th, prior to the jury returning a verdict, Petitioner entered a negotiated guilty plea to one count of first-degree murder and was sentenced to the mandatory minimum thirty-five years imprisonment. (D. 7-3; D. 7-4). He did not move to withdraw his plea or pursue a direct appeal. *Id.*

1

In 2019, Petitioner filed a *pro se* post-conviction petition under the Illinois Post-Conviction Hearing Act (725 ILCS 5/122-1)[1] alleging ineffective assistance of trial counsel and claiming actual innocence. *See People v. Hargrow*, 2022 IL App (3d) 190792-U, ¶ 14 and *People v. Hargrow*, 2025 IL App (4th) 240904-U, ¶ 25. Petitioner attached affidavits from Steve Holcomb and Edward Spiller in support of his actual innocence claim. *Hargrow*, 2022 IL App (3d) 190792-U, ¶ 14. Holcomb's affidavit stated that he witnessed the murder and saw two other men, who were not the Petitioner, kill De La Rosa. *Id.* at ¶ 14. In Spiller's affidavit, he attested that he had a conversation with a jailhouse informant, Marco McKnight, who testified against Petitioner at trial and admitted to lying under oath in exchange for leniency in his own federal case. *Id.* at ¶ 15.

 The trial court summarily dismissed the post-conviction petition at the first stage and Petitioner appealed. *Id.* at ¶ 2. On August 26, 2022, the state appellate court entered an Order finding the trial court erred in dismissing Petitioner's petition because it sufficiently alleged an arguable claim of actual innocence. *Id.* at ¶¶ 1, 22–23. As a result, the trial court's judgment was reversed, and the case was remanded to the trial court for second-stage proceedings. *Id.* at ¶ 25.

On remand, Petitioner was appointed counsel who filed an amended post-conviction petition. *Hargrow*, 2025 IL App (4th) 240904-U, ¶ 30. The amended petition argued that Petitioner "involuntarily pleaded guilty due to his trial counsel's deficient advice and failure to prepare for trial," and again "attached Holcomb's and Spiller's affidavits and argued their testimony would undermine the State's case." *Id.* The State filed a motion to dismiss the amended post-conviction

---

[1] A postconviction petition proceeds through three stages. The first stage is summary dismissal, in which the trial court will determine whether the allegations allege the gist of a constitutional infirmity. Otherwise, the trial court can summarily dismiss, and the petitioner can appeal the decision. The second stage is the motion to dismiss stage, in which the State can file a motion to dismiss because of a procedural defect or lack of substantial showing of a constitutional violation. The third stage is an evidentiary hearing. *See* 725 ILCS 5/122-1, *et. seq.*

petition which the trial court granted "adopt[ing] its reasoning from its initial dismissal of defendant's petition at the first stage." *Id.* at ¶ 31.

Petitioner appealed, arguing: "(1) he made a substantial showing of actual innocence through new, material, and noncumulative evidence by way of affidavits from witnesses…and (2) postconviction counsel provided unreasonable assistance where the record rebuts counsel's compliance with Rule 651(c)." *Id.* ¶ 33. In an Order entered on March 21, 2025, the state appellate court, taking the claims from the affidavit as true, found that:

> (1) purported eyewitness testimony which would arguably show defendant was not present at the time of De La Rosa's death and (2) testimony that directly undermines the State's most vital evidence from McKnight. As it stands, evidence of this nature is of such a conclusive character it would probably lead to a different result at defendant's retrial. Therefore, we conclude the trial court erred when granting the State's motion to dismiss defendant's amended petition at the second stage of postconviction proceedings and remand the matter to the trial court for third-stage proceedings pursuant to the Act. Because we find the court erred when dismissing defendant's amended petition, we need not determine whether postconviction counsel complied with Rule 651(c).

*Id.* at ¶ 48. An evidentiary hearing before the trial court is currently scheduled for August 22, 2025. (D. 7, p. 4).

**B. Federal Court Proceeding:**

While Petitioner's amended post-conviction was pending on appeal, he filed his § 2254 Petition with this Court seeking relief on the following grounds:

> 1). The guilty plea entered by [Petitioner] was not knowingly and voluntarily given.
> 2). [Petitioner]'s lawyers denied him the effective assistance of counsel.
> 3). The State deprived [Petitioner] of his constitutionally protected right to exculpatory evidence.
> 4). The State subject [Petitioner] to prosecutorial misconduct.
> 5). The proceeding against [Petitioner] were racially discriminatory.
> 6). The State deprived [Petitioner] of his State created constitutionally protected liberty interests to findings of fact and conclusions of law.
> 7). The State's use of Marco McKnight as a federal informant violated the Separation of Powers Clause.

3

(D. 1, pp. 3–4). Respondent has now moved to dismiss the § 2254 Petition without prejudice for failure to exhaust available state court for remedies, (D. 7), and Petitioner filed a response in opposition, (D. 10). This Order follows.

## II.    Legal Standard

28 U.S.C.A. § 2254 addresses procedural requirements for federal habeas corpus petitions filed by state prisoners. Section 2254(b)(1)(A) establishes the exhaustion requirement, which mandates that state prisoners must first exhaust available state remedies before seeking federal habeas relief. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A federal court may grant habeas relief without exhaustion where "there is an absence of available State corrective process[,]" or where "circumstances exist that render such process ineffective to protect the rights of the applicant." *Id.* at § 2254(b)(1)(B). By design, these procedural rules uphold federalism and comity by allowing state courts to address potential federal rights violations before federal intervention. *Money v. Pritzker*, 453 F. Supp. 3d 1103, 1134 (N.D. Ill. 2020) (citing *Perruquet v. Briley*, 390 F.3d 505, 513 (7th Cir. 2004)).

To satisfy the exhaustion requirement, petitioners must present each claim "through one complete round of review in state court." *Gonzales v. Eplett*, 77 F.4th 585, 590 (7th Cir. 2023). This includes discretionary appellate review when it is part of the ordinary appellate procedure. *Money*, 453 F. Supp. 3d at 1134 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999)). "To exhaust state remedies in the Illinois courts, the [petitioner] must include his claims in a petition for leave to appeal to the Illinois Supreme Court." *Snow v. Pfister*, 880 F.3d 857, 864 (7th Cir. 2018) (citing *O'Sullivan*, 526 U.S. at 845–46). When a petitioner fails to exhaust available state

remedies, the federal habeas petition is ordinarily dismissed without prejudice, permitting the petitioner to pursue those claims in state court. *Bell v. Robert*, 402 F. Supp. 2d 938, 943 (N.D. Ill. 2005) (citing *Perruquet*, 390 F.3d at 514).

### III.    Discussion

It is undisputed that the claims raised in the § 2254 Petition have not been fully exhausted. Respondent also correctly states that the Illinois's Post-Conviction Hearing Act gives trial courts discretion to permit amendments at any point during postconviction proceedings. *People v. White*, 2013 IL App (2d) 120205, ¶ 9; *see also* 725 ILCS 5/122-5. Further, discovery in postconviction proceedings may be pursued while the underlying petition remains unresolved, and it is within the trial court's discretion whether to grant or deny discovery requests. *People v. Pinkston*, 2013 IL App (4th) 111147, ¶¶ 13, 18. A Petitioner's postconviction petition remains active in the trial court, and that Illinois law permits amendment and discovery in post-conviction proceedings, a State correction process is available.

Petitioner also argues that exhaustion should be excused because he is receiving ineffective assistance of post-conviction council, exculpatory evidence is being withheld, and deficiencies relating to the trial court's rulings. Specifically, Petitioner asserts that his appointed post-conviction counsel has refused to present these claims in his post-conviction petition, and the trial court judge will only allow his attorney to amend the petition. Petitioner also states that he cannot initiate discovery because his post-conviction attorney will not do so and, again, the trial judge, will only allow his attorney to conduct discovery. To establish that no adequate state remedies exist to protect his rights, Petitioner must demonstrate that "there is no opportunity to obtain redress in state court or [] the corrective process is so clearly deficient as to render futile any effort

5

to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The following analysis addresses whether any of the cognizable claims asserted in the § 2254 Petition fulfills this standard.

### A. Ineffective Counsel

Respondent is correct, state prisoners do not have a federal constitutional right to counsel during state postconviction proceedings. *Shinn v. Ramirez*, 596 U.S. 366, 383 (2022). By statute, however, Illinois has undertaken the obligation to appoint counsel for prisoners pursuing post-conviction relief contingent on certain conditions. *See* 725 ILCS 5/122-4. As such, Illinois "must nonetheless act in accord with the dictates of the Constitution—and, in particular, in accord with the Due Process Clause" when exercising discretion in this field. *Evitts v. Lucey*, 469 U.S. 387, 401 (1985). However, "the Fourteenth Amendment is only offended by [state] action," *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982), and "a public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant." *Polk County v. Dodson*, 454 U.S. 312, 317 (1981).

Since Petitioner is claiming his inability to pursued certain claims and conduct discovery is because of his counsel, and not the state, Petitioner "is precluded from claiming the state process ineffective." *See Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995); *see also Lane v. Richards*, 957 F.2d 363, 365 (7th Cir. 1992) (citing *Coleman v. Thompson*, 501 U.S. 722, 751 (1991)). If Petitioner "believes that his lawyer is not living up to the standards set by state law, he must complain to the state judiciary; so far as the federal courts are concerned, his remedy is to dismiss the lawyer and proceed by himself." *Jenkins v. Gramly*, 8 F.3d 505, 508 (7th Cir. 1993). What a petition may not do " "keep the lawyer the state has furnished and then point to that lawyer's inadequacies as 'cause' for his failure to take the steps the state requires." *Id*. (citing *Lane*, 957 F.2d at 365).

Accordingly, issues stemming from Petitioner's post-conviction counsel will not excuse the mandatory state exhaustion process.

**B. Withheld Exculpatory Evidence**

Petitioner asserts that his constitutional right to a fair trial was violated due to the withholding of exculpatory evidence related to Marco McKnight, a federal informant. He claims that the evidence, which pertains to McKnight's history of dishonesty and his cooperation with federal authorities, is under the control of the federal government and not accessible through state court discovery. (D. 1, pp. 27-28). Petitioner argues that the State's reliance on McKnight's federal cooperation agreement to secure his testimony in exchange for a reduced sentence violates the separation of powers doctrine, as it improperly applies federal procedures to a state case. *Id.* at pp. 26-27. As a result, Petitioner contends that the failure to provide this evidence prevented him from fully challenging McKnight's credibility and deprived him of a meaningful defense. Petitioner maintains that the only way to access this crucial exculpatory evidence is through federal courts. *Id.* at pp. 28-29.

Under Illinois law, "the trial court should allow discovery only if the defendant has shown 'good cause,' considering the issues presented in the petition, the scope of the requested discovery, the length of time between the conviction and the post-conviction proceeding, the burden of discovery on the State and on any witnesses, and the availability of the evidence through other sources." *People v. Johnson*, 205 Ill. 2d 381, 408 (Ill. 2002) (quoting *People ex rel. Daley v. Fitzgerald*, 526 N.E.2d 131 (Ill. 1988)). Here, Petitioner's post-conviction counsel has declined to conduct additional discovery. This is, at least one reason, why Petitioner has not obtained these records, not because it's under the control of the federal government. Furthermore, discovery-

related issues are "[p]roblems that *can* be rectified in state court *must* be dealt with there." *Jenkins*, 8 F.3d at 508 (citing *Prihoda v. McCaughtry,* 910 F.2d 1379 (7th Cir.1990)).

### C.  Lack of Finding of Fact and Conclusions of Law in Post-Conviction Proceedings

Finally, Petitioner argues that his constitutional rights were violated by the lack of findings of fact and conclusions of law contained in the trial court's prior post-conviction orders. (D. 1, p. 29). He asserts that the Illinois Post-Conviction Hearing Act requires courts to provide clear, written findings and conclusions when determining the merits of a petition, and the trial court has failed to follow this requirement by issued orders that lack sufficient factual and legal analysis. *Id.* at pp. 29–30. As a result, Petitioner claims that he has been deprived of a fair and transparent review of his claims which has undermined his ability to challenge the dismissal of his post-conviction petition and denied him meaningful access to the legal process in violation of his constitutional rights. *Id.*

First, both orders challenged by Petitioner have been reversed and remanded by the state appellate court, rendering his complaints moot. *See Hargrow*, 2022 IL App (3d) 190792-U; *see also Hargrow*, 2025 IL App (4th) 240904-U. Second, the state offers litigants an appellate "corrective" process, which Petitioner has successfully utilized to address issues such as this one. *See id.* While, Petitioner speculates he "will continue to receive court orders riddled with [conjecture] and opinions that do not have a basis in fact or law," (D. 1, p 33), when a state court "mov[es] forward with [the petitioner's] direct appeal, [they] cannot say that 'there is an absence of available State corrective process[ ] or [that] circumstances exist that render such process ineffective to protect the rights of the applicant[.]'" *Monegain v. Carlton*, 576 Fed. App'x 598, 602 (7th Cir. 2014) (quoting *Slater v. Chatman*, 147 Fed.App'x. 959, 960 (11th Cir. 2005) (quoting 28 U.S.C. § 2254(b)(1)(B)(i)–(ii))).

8

### D. Dismissal, Rather than a Stay, is Appropriate

A federal habeas petition that includes any claims not fully exhausted in state court is generally subject to dismissal. *Rose v. Harrison*, 455 U.S. 509, 510 (1982). Further, when dismissal does not "come[] too late for the prisoner to re-file," *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008), the district court must "dismiss [the] habeas petition without prejudice so that the petitioner may return to state court in order to litigate the claim," *Perruquet*, 390 F.3d at 514. This Court agrees that dismissal without prejudice is appropriate because Petitioner did not file a direct appeal of his conviction, and his post-conviction petition is still pending before the trial court. As a result, none of Petitioner's claims are unexhausted and dismissing this action will not result in a substantial risk the Petitioner would be unable to later re-file his properly exhausted claims. Accordingly, Petitioner's [1] § 2254 Petition is dismissed without prejudice with leave to re-file after his state court remedies have been fully exhausted.

### E. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, this court denies a certificate of appealability in this case. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," which has happened here, "a COA [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added). This court concludes that jurists of reason would not find it debatable whether this case should be dismissed without prejudice for failure to exhaust state court remedies. Therefore, this Court concludes that a COA is unwarranted

9

IT IS THEREFORE ORDERED THAT:

(1) Respondent John Barwick's ("Respondent") [7] Motion to Dismiss is GRANTED;

(2) Petitioner Tray Hargrow's [1] Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is dismissed without prejudice with leave to re-file after he has exhausted his state court remedies;

(3) Petitioner's request to stay in abeyance is DENIED;

(4)  No certificate of appealability is to issue; and

(5) This case is terminated.

Entered on July 31, 2025.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge